NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0296n.06

CASE NO. 16-2525

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 25, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| KENNETH J. JONES, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| *Defendant-Appellant*. | ) | |
| | ) | |

Before: MERRITT, BATCHELDER, and CLAY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The defendant appeals the sentence imposed on the revocation of his supervised release. We AFFIRM.

**I.**

Kenneth Jones is a convicted felon who tried to buy a gun from a Virginia Beach pawn shop. This led him to make a false statement on an application, denying that he is a felon, which led a federal prosecutor in the Eastern District of Virginia to charge him with a violation of 18 U.S.C. § 924(a)(1)(A). Upon Jones's guilty plea, the PSR counted 10 criminal history points for a criminal history category of V. According to Jones, only nine points should have counted, making the correct category IV, but nobody caught the mistake at the time of the sentencing. The U.S. District Court for the Eastern District of Virginia sentenced Jones to 10 months in prison and three years of supervised release, which also required substance abuse treatment. Jones appealed, claiming that the miscalculation was plain error, but the Fourth Circuit dismissed his appeal as moot because he had by that time already been released from prison.

Upon his release from prison, Jones moved to Michigan where he missed probation appointments and failed drug tests. The probation department charged him with violating his supervised release and prepared for a revocation hearing in the Eastern District of Michigan.

At the hearing on October 25, 2016, the court found that Jones has a serious drug problem and discussed the possibilities for treatment. Jones did not raise the issue of the prior mistaken tabulation of his criminal history points. The court used the PSR with the criminal history of V and calculated an advisory range of 18 to 24 months—a criminal history of IV would have produced an advisory range of 12 to 18 months. The court imposed a below-guidelines sentence of eight months in prison plus 22 months of supervised release. Jones is currently in prison but, he contends, there is no substance abuse program available to him there.

## II.

Jones argues that the district court committed plain error by accepting the prior PSR from the Eastern District of Virginia and "treating [him] as a Category V offender," and he urges us to presume that—but for the error—the court would have varied downward even further from a lower starting range. But "[t]he criminal history category to be used in determining the applicable range of imprisonment in the Revocation Table is the category determined at the time the defendant originally was sentenced to the term of supervision." U.S.S.G. § 7B1.4, Commentary (n.1). In this case, that is category V. The district court did not err by following this instruction.

Next, Jones argues that by considering an impermissible factor in his sentencing—that he was too poor to pay for private substance-abuse treatment—the court treated rich and poor defendants differently, which violates the Constitution. But in actuality, the court rejected Jones's proposed inpatient substance-abuse treatment as an alternative to prison because of Jones's numerous violations and failures to comply with treatment, not because he could not

afford it.  The court did not say that Jones could reduce his sentence if he could afford private treatment.  Jones's claim is refuted by the facts and we have no basis to conclude that the district court abused its discretion with this below-guidelines sentence.

Finally, Jones argues that the court sent him to prison for the sole purpose of substance-abuse rehabilitation, which is an impermissible reason under 28 U.S.C. § 994(k) and *Tapia v. United States*, 564 U.S. 319, 330 (2011).  Apt. Br. at 23-24.  But Jones admitted to a Grade B violation for failing a drug test.  Revocation of supervised release is mandatory for a Grade B violation.  U.S.S.G. § 7B1.3(a)(1).  Moreover, imprisonment is mandatory when that violation is the failing of a drug test.  U.S.S.G. § 7B1.4, Commentary (n.5).  While the court expressed hope for Jones's rehabilitation, it sentenced him to prison for deterrence and punishment, and admonished him "to realize that this is your personal responsibility to comply with these conditions, and that there is a component of, as we say here, just punishment here."  R. 19 at 28.

The court did not abuse its discretion by imposing this below guidelines sentence.

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court.